KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California  94105-2420
Telephone:    (415) 744-8494
Facsimile:    (202) 481-1810 or (415) 744-6812
Email:         edwin.joe@sba.gov

Attorneys for Federal Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | E-Filing |
| ) | |
| v. ) | Civil Case No.  C06 3879 EMC |
| ) | |
| ALTOTECH II, L.P., ) | STIPULATION FOR CONSENT |
| ) | ORDER OF RECEIVERSHIP |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States

America, has filed and caused to be served upon defendant and its General Partner, AltoTech

Ventures, LLC, a complaint; and

Whereas, the parties desire to resolve the matter amicably and without further proceedings,

trial or adjudication of any issue and stipulate as follows:

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                              1

1   KEVIN V. RYAN (SBN 118321)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   EDWIN L. JOE (SBN 112328)
    Special Assistant United States Attorney
4

5        455 Market Street, 6th Floor
         San Francisco, California  94105-2420
6        Telephone:    (415) 744-8494
         Facsimile:    (202) 481-1810 or (415) 744-6812
7        Email:        edwin.joe@sba.gov

8
    Attorneys for Federal Plaintiff
9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13

14   UNITED STATES OF AMERICA,            )
                      Plaintiff,           )    E-Filing
15                                         )
                                           )
16                    v.                   )    Civil Case No.  C06 3879 EMC
                                           )
17   ALTOTECH II, L.P.,                    )    STIPULATION FOR CONSENT
                                           )    ORDER OF RECEIVERSHIP
18                                         )
                                           )
19                    Defendant.           )
                                           )
20                                         )

21       WHEREAS, Plaintiff, United States of America, on behalf of its agency, the United States

22   America, has filed and caused to be served upon defendant and its General Partner, AltoTech

23   Ventures, LLC, a complaint; and

24       Whereas, the parties desire to resolve the matter amicably and without further proceedings,

25   trial or adjudication of any issue and stipulate as follows:

26

27

28   STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                              1

ORIGINAL
FILED

JUN 21 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1. That defendant AltoTech II, LP, ("AltoTech" or "Licensee"), the holder of the U.S. Small Business Administration's (SBA) Small Business Investment Company (SBIC) License No. 09/79-0431 has a condition of Capital Impairment as that term is defined under Title 13 of the Code of Federal Regulations, Part 107;

2. That this Court has jurisdiction over the subject matter of this action and over defendant;

3. That the only mutually agreeable method by which to distribute the assets of the Licensee to the appropriate creditors and SBA is through the appointment of SBA as the receiver of the Licensee pursuant to the following Consent Order of Receivership without further proceedings; and

4. To the entry of the following Consent Order of Receivership without further proceedings.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of AltoTech II, L.P. ("AltoTech") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of AltoTech ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of AltoTech's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, officers, directors, managers, investment advisors and other agents of AltoTech under applicable state and federal law and by the Agreement of Limited Partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, management company, trustees, directors, officers, employees, managers, investment advisors and

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                2

1  agents of AltoTech are hereby dismissed. Such persons and entities shall have no authority with

2  respect to AltoTech's operations or assets, except to the extent as may hereafter be expressly

3  granted by the Receiver. The Receiver shall assume and control the operation of AltoTech and shall

4  pursue and preserve all of its claims. Jurisdiction is conferred on this Court by virtue of the Small

5  Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and

6  316, 15 U.S.C. §§ 687(d), 687c and 687h; and 28 U.S.C. § 1345.

7

8        3. The Receiver is entitled to take immediate possession of all assets, bank accounts or

9  other financial accounts, books and records and all other documents or instruments relating to the

10 Licensee. The past and/or present general partner, management company, officers, directors,

11 managers, investment advisors, agents, trustees, attorneys, accountants, and employees of AltoTech,

12 as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver

13 forthwith all books, records, documents, accounts and all other instruments and papers of and

14 relating to AltoTech and its assets, whether real or personal, including but not limited to:

15

16        (i) all definitive agreements to which the Partnership is a party or is otherwise bound,

17             including, the Partnership Agreement and any amendments thereto,

18        (ii) a list of all limited partners including contact information,

19

20        (iii) all records related to portfolio company investments,

21        (iv) the financial books and records of AltoTech and

22        (v) copies of the financial books and records of the general partner and management

23             company and all other assets and property of AltoTech, whether real or personal.

24 The former General Partner, and the management company, shall furnish a written statement within

25 fifteen (15) days after the entry of this Order, listing the identity, location and estimated value of all

26 assets of AltoTech as well as the names, addresses and amounts of claims of all known creditors of

27

28 STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                          3

1  AltoTech. Within thirty (30) days following the entry of this Order, such person shall also furnish a
2  written report describing all assets. All persons having control, custody or possession of any assets
3  or property of AltoTech are hereby directed to turn such assets and property over to the Receiver.
4
5       4. The Receiver shall promptly give notice of its appointment to all known partners,
6  officers, directors, agents, employees, shareholders, creditors and debtors of AltoTech, as the
7  Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons
8  and entities owing any obligation or debt to AltoTech, until further ordered by this Court, shall pay
9  all such obligations in accordance with the terms thereof to the Receiver and its receipt for such
10  payments shall have the same force and effect as if AltoTech had received such payments.
11
12       5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other
13  financial institutions to extend credit on behalf of AltoTech, to utilize SBA personnel, and to
14  employ such other personnel as it may deem necessary to effectuate the operation of the
15  receivership including, but not limited to, attorneys, accountants, and appraisers, and is further
16  authorized to expend receivership funds to compensate such personnel in such amounts and upon
17  such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and
18  procedures of such personnel. The Receiver is not required to obtain Court approval prior to the
19  disbursement of receivership funds for payments to personnel employed by the Receiver or for
20  expenses that the Receiver deems advantageous to the orderly administration and operation of the
21  receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses
22  incurred by SBA personnel in the establishment and administration of the receivership. The
23  Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any
24
25  asset (including without limitation any claim), other than real estate.
26
27
28  STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                              4

6. Alto Tech's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors and other appropriate persons (including without limitation, the Defendant's portfolio of small business concerns and financial institutions doing business with Defendant and/or Defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of AltoTech, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to AltoTech. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of AltoTech, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to AltoTech, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving AltoTech or any assets of AltoTech, including subsidiaries, partnerships and other business combinations of AltoTech, wherever located, or involving AltoTech, the Receiver, or any of AltoTech's or its general partner's or management company's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third party plaintiff, third party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                                    5

asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving AltoTech or any assets of AltoTech or its general partner or management company, including subsidiaries, partnerships and other business combinations of AltoTech, wherever located, and excluding the instant proceeding, or involving AltoTech, the Receiver, or any of AltoTech's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

8. Further, as to a cause of action accrued or accruing in favor of AltoTech against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

9. AltoTech and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of AltoTech to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

10. The Receiver is authorized to borrow on behalf of AltoTech, from the SBA, up to $1,000,000 and is authorized to cause AltoTech to issue Receiver's Certificates of Indebtedness in

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                        6

1    the principal amounts of the sums borrowed, which certificates will bear interest at or about 10

2    percent per annum and will have a maturity date no later than 18 months after the date of issue.

3    Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the

4    Receivership.

5
        11. This Court determines and adjudicates that SBA has made a sufficient showing that the

6    Licensee has violated the Act and Regulations, as alleged in the Complaint filed against AltoTech in

7    the instant action, to obtain the relief so requested.

8
        12. SBA shall be appointed Receiver of AltoTech based on AltoTech's consent.

9
        13. After completing its activities in accordance with this Order, the Receiver may submit a

10   report to this Court recommending that AltoTech's license as an SBIC be revoked.

11

12

13

14   READ AND AGREED BY ALTOTECH AND THE SMALL BUSINESS ADMINISTRATION,
     THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

15

16   AltoTech II, LP
     By:  AltoTech Ventures, LLC

17   Its:  General Partner

18

19    /s/ Gloria Wahl              6/1/06

20   By: Gloria Wahl                    Date
     Its: Manager

21

22

23   The United States Small Business Administration

24

25    /s/ Thomas G. Morris        06/05/2006

26

27

28   STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                                    7

10. The Receiver is authorized to borrow on behalf of AltoTech, from the SBA, up to $1,000,000 and is authorized to cause AltoTech to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

11. This Court determines and adjudicates that SBA has made a sufficient showing that the Licensee has violated the Act and Regulations, as alleged in the Complaint filed against AltoTech in the instant action, to obtain the relief so requested.

12. SBA shall be appointed Receiver of AltoTech based on AltoTech's consent.

13. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that AltoTech's license as an SBIC be revoked.

READ AND AGREED BY ALTOTECH AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

AltoTech II, LP
By: AltoTech Ventures, LLC
Its: General Partner

_Gloria Wahl_                6.1.2006
By: Gloria Wahl                Date
Its: Manager


The United States Small Business Administration

_[signature]_          06-05-2006

STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                    7

1   By: Thomas G. Morris          Date
    Director, Office of Liquidation

2

3

4   PURSUANT TO STIPULATION OF THE PARTIES:

5   IT IS SO ORDERED,

6

7

    DATED this _____ day of _Jun 21, 2006_____ 2006.

8

9                               __/s/ WILLIAM ALSUP_____
                                UNITED STATES DISTRICT COURT JUDGE
10

11

12

13  Of Counsel:

14

15  ARLENE P. MESSINGER
    Assistant General Counsel for SBIC Enforcement
16

17      U.S. Small Business Administration
        409 Third Street, S.W. Seventh Floor
18      Washington, D.C. 20416

19      Email:      arlene.messingerlerner@sba.gov
        Telephone:  (202) 205-6857
20      Facsimile:  (202) 481-0325

21

22

23

24

25

26

27

28  STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                    8

1  By: Thomas G. Morris          Date
   Director, Office of Liquidation
2

3

4  PURSUANT TO STIPULATION OF THE PARTIES:

5  IT IS SO ORDERED,

6

7  DATED this _____ day of _____ JUN 2 1 2006 _____ 2006.

8

9

10                              WILLIAM ALSUP
                          UNITED STATES DISTRICT COURT JUDGE
11

12

13

14  Of Counsel:

15

16  ARLENE P. MESSINGER
    Assistant General Counsel for SBIC Enforcement
17
       U.S. Small Business Administration
18     409 Third Street, S.W. Seventh Floor
       Washington, D.C. 20416
19
       Email:     arlene.messingerlerner@sba.gov
20     Telephone: (202) 205-6857
       Facsimile: (202) 481-0325
21

22

23

24

25

26

27

28  STIPULATION FOR CONSENT ORDER OF RECEIVERSHIP                    8

1   KEVIN V. RYAN (SBN 118321)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   EDWIN L. JOE (SBN 112328)
    Special Assistant United States Attorney
4

5     455 Market Street, 6th Floor
      San Francisco, California 94105-2420
6     Telephone:   (415) 744-8494
      Facsimile:    (202) 481-1810 or (415) 744-6812
7     Email:       edwin.joe@sba.gov
8

9   Attorneys for Federal Plaintiff

10           IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14   UNITED STATES OF AMERICA,      )
15         Plaintiff,        )    E-Filing
                      )
16          v.          )    Civil Case No.  C06 3879 EMC
                      )
17   ALTOTECH, II L.P.,       )    COMPLAINT FOR RECEIVERSHIP
                      )    AND PERMANENT INJUNCTIVE
18                  )    RELIEF
                      )
19         Defendant.      )
                      )
20   _____ )

21   COMES NOW Plaintiff, United States of America, on behalf of its agency, the Small Business

22   Administration, and for its cause of action states as follows:

23                 PARTIES, JURISDICTION AND VENUE

24       1.   This is a civil action brought by the United States of America on behalf of its agency,

25

26   the Small Business Administration (hereinafter, "SBA"), whose central office is located at 409

27

28

  COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF         1

1   KEVIN V. RYAN (SBN 118321)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   EDWIN L. JOE (SBN 112328)
4   Special Assistant United States Attorney

5     455 Market Street, 6th Floor
    San Francisco, California 94105-2420
6     Telephone:   (415) 744-8494
7     Facsimile:    (202) 481-1810 or (415) 744-6812
    Email:       edwin.joe@sba.gov
8
9   Attorneys for Federal Plaintiff

10            IN THE UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14   UNITED STATES OF AMERICA,     )
15           Plaintiff,            )
                          )
16           v.               )    Civil Case No.
                          )
17   ALTOTECH, II L.P.,         )    COMPLAINT FOR RECEIVERSHIP
18                        )    AND PERMANENT INJUNCTIVE
                          )    RELIEF
19           Defendant.          )
                          )
20   _____)

21   COMES NOW Plaintiff, United States of America, on behalf of its agency, the Small Business

22   Administration, and for its cause of action states as follows:

23

24                   PARTIES, JURISDICTION AND VENUE

25       1.   This is a civil action brought by the United States of America on behalf of its agency,

26   the Small Business Administration (hereinafter, "SBA"), whose central office is located at 409

27

28

  **COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**       1

1    Third Street, S.W., Washington, D.C., 20416. The Defendant has stipulated and consented to the

2    entry of the requested relief in this civil action.

3        2.   Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of

4
     1958, as amended (hereinafter, the "Act"), Sections 308(d), 311 and 316, 15 U.S.C. §§ 687(d), 687c
5
     and 687h; and 28 U.S.C. § 1345.
6
7        3.   Defendant, AltoTech II, L.P., (hereinafter, "AltoTech") is a California limited

8    partnership.

9        4.   Defendant, AltoTech maintains its principal office and/or principal place of business at

10
     One Lagoon Drive, Suite 100, Redwood Shores, California 94065.  Venue is therefore proper under
11
     15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).
12
13
14                    STATUTORY AND REGULATORY FRAMEWORK

15       5.   The purpose of the Small Business Investment Act (hereinafter the "Act") is to improve

16
     and stimulate the national economy, and small business in particular, by stimulating and
17
     supplementing the flow of private equity capital and long-term loan funds which small businesses
18
     need for sound financing of their operations and growth. 15 U.S.C. § 661.
19
20       6.   Congress authorized the SBA to carry out the provisions of the Act and to prescribe

21   regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC")

22   15 U.S.C.§ 687(c).  SBA duly promulgated such regulations which are set forth at Title 13 of the

23
     Code of Federal Regulations, Part 107 (hereinafter the "Regulations").
24
25       7.   An SBIC is a corporation, limited liability company, or a limited partnership organized

26   solely for the purpose of performing the functions and conducting the activities contemplated under

27   the Act. 15 U.S.C. § 681(a).  SBA is responsible for licensing SBICs. 15 U.S.C. § 681(c).

28

     **COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**        2

8. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

9. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ration of outstanding leverage to leverageable capital.

10. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

11. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any acts or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

## STATEMENT OF FACTS

12. AltoTech was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on December 4, 2000, SBA License No. 09/79-0431, under Section 301(c) of the Act,

COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF          3

1    15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations

2    promulgated thereunder.

3        13.  Defendant's sole general partner is AltoTech Ventures, LLC.       .

4

5        14.  The Amended and Restated Agreement of Limited Partnership of AltoTech submitted

6    to SBA expressly provide that AltoTech was organized solely for the purpose of operating under the

7    Act and subject to regulations issued by SBA thereunder.

8        15.  In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided financing

9    to AltoTech through the guarantee of the following participating securities totaling $14,250,000:

10

11

12   | Loan No. | $ Principal | Issue Date |
     |----------|-------------|------------|
13   | 02040651-09 | 2,000,000 | December 4, 2001 |
     | 02040652-07 | 2,000,000 | January 4, 2002 |
14   | 02040653-05 | 4,000,000 | May 13, 2002 |
     | 02040654-03 | 2,000,000 | June 5, 2002 |
15   | 02040655-01 | 3,000,000 | May 12, 2003 |
     | 02040656-10 | 1,250,000 | December 3, 2004 |
16

17   (hereinafter referred to collectively as the "Participating Securities").

18       16.  Section 107.1830(c) of the Regulations requires that Defendant not have a condition of

19   Capital Impairment of greater than eighty five (85%), as that term is defined under the Regulations.

20       17.  Based on Defendant's financial statements (SBA Form 468) for the period ending

21

22   March 31, 2005, SBA determined that Defendant had a condition of Capital Impairment, as that

23   term is defined under the Regulations of ninety six and one half percent (96.5%).

24       18.  By letter dated July 8, 2005, Defendant was given an opportunity to cure its Capital

25   Impairment within 15 days of the date of that letter. Defendant failed to cure its Capital Impairment

26   within the time permitted.

27

28

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**       4

19. By letter dated February 16, 2006, SBA notified Defendant that it had been transferred to liquidation status. To date, AltoTech has failed to cure its capital impairment.

COUNT ONE

CAPITAL IMPAIRMENT

20. Paragraphs 1 through 19 are incorporated by reference as though set forth in their entirety herein.

21. Section 107.1830(b) of the Regulations provides that if you have a condition of Capital Impairment, you are not in compliance with the terms of your leverage. 13 C.F.R. § 107.1830.

22. Section 107.507(a) of the Regulations provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations. 13 C.F.R. § 107.507.

23. To date, Defendant has failed to cure its condition of Capital Impairment, as defined under the Regulations, and a balance of $14,250,000 of Participating Securities purchased by SBA remains outstanding.

24. AltoTech's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of Prospero.

WHEREFORE, Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining AltoTech, its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of AltoTech's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of AltoTech, wherever located; or (3) violating the Act or the Regulations promulgated thereunder.

**COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**          5

1        B.  That this Court determine and adjudicate AltoTech's noncompliance with the

2    requirements of the Participating Security and noncompliance and violation of the Act and the

3    Regulations promulgated thereunder.

4        C.  That this Court take exclusive jurisdiction of AltoTech, and all of its assets, wherever

5    located, appoint SBA as permanent receiver of AltoTech for the purpose of liquidating all of

6    Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as

7    determined by this Court, and pursuing causes of action available to AltoTech, as appropriate and

8    subject to all the provisions of the settlement agreement.

9        D.  That this Court order that AltoTech's license to operate as an SBIC shall be revoked

10   upon the wind-up and conclusion of the receivership thereof.

11       F.  That this Court grant such other and further relief as may be deemed just and equitable.

12

13

14                          Respectfully submitted,

15

16                          KEVIN V. RYAN

17                          United States Attorney

18   Dated: __June 21, 2006_____

19                          By:    /s/ Edwin L. Joe_____

20                          EDWIN L. JOE
                            Special Assistant
                            United States Attorney

21   Of Counsel:

22   ARLENE P. MESSINGER
     Assistant General Counsel for SBIC Enforcement

23

24       U.S. Small Business Administration
         409 Third Street, S.W. Seventh Floor

25       Washington, D.C. 20416

26       Email:       arlene.messingerlerner@sba.gov
         Telephone:  (202) 205-6857

27       Facsimile:   (202) 481-0325

28

   **COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**     6

1      B.   That this Court determine and adjudicate AltoTech's noncompliance with the

2    requirements of the Participating Security and noncompliance and violation of the Act and the

3    Regulations promulgated thereunder.

4      C.   That this Court take exclusive jurisdiction of AltoTech, and all of its assets, wherever

5

6    located, appoint SBA as permanent receiver of AltoTech for the purpose of liquidating all of

7    Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as

8    determined by this Court, and pursuing causes of action available to AltoTech, as appropriate and

9    subject to all the provisions of the settlement agreement.

10     D.   That this Court order that AltoTech's license to operate as an SBIC shall be revoked

11   upon the wind-up and conclusion of the receivership thereof.

12

13     F.   That this Court grant such other and further relief as may be deemed just and equitable.

14

15                                        Respectfully submitted,

16                                        KEVIN V. RYAN
                                          United States Attorney
17

18   Dated: June 21, 2006               By:  _Edwin L. Joe_

19                                        EDWIN L. JOE
                                          Special Assistant
20                                        United States Attorney

21   Of Counsel:

22   ARLENE P. MESSINGER
     Assistant General Counsel for SBIC Enforcement
23

24   U.S. Small Business Administration
     409 Third Street, S.W. Seventh Floor
25   Washington, D.C. 20416

26   Email:       arlene.messingerlerner@sba.gov
27   Telephone:   (202) 205-6857
     Facsimile:   (202) 481-0325
28

     **COMPLAINT FOR RECEIVERSHIP AND PERMANENT INJUNCTIVE RELIEF**          6